■ In the Matter of the Arbitration between WANNALANCIT TEXTILE COMPANY, INC., Respondent, and PRESTEX, INC., Appellant. — Order and judgment (one paper) of the Supreme Court, New York County, entered May 23, 1980, unanimously reversed, on the law, without costs, the award vacated and the matter remanded to the surviving arbitrators for clarification. Petitioner (Wannalancit) sold and delivered goods to respondent (Prestex), pursuant to agreements which provided for arbitration in the event of any dispute. A controversy thereafter arose and Wannalancit demanded arbitration. Prestex interposed a counterclaim alleging that it had entered into an agreement with the United States Government under which it undertook to deliver 420,000 yards of combed cotton balloon cloth in finished state; that it had ordered these goods in the greige from Wannalancit for the purpose of converting them into the finished state, and that Wannalancit had failed to deliver the greige goods by consequence of which it was unable to fulfill its contract and became liable to the Government in damages, the amount of which had not then been ascertained. Wannalancit moved to stay arbitration on Prestex' counterclaim. That motion was denied and the claim and counterclaim then proceeded to arbitration. Prestex did not dispute Wannalancit's claim and the bulk of the hearings were concerned with the counterclaim. Thereafter, on January 2, 1980, Wannalancit transmitted a letter to the general arbitration council of the textile industry under whose aegis the arbitration had been held, offering further evidence. By letter dated January 11, 1980, Prestex vigorously opposed the acceptance of "evidence belatedly submitted". On January 18, 1980, the general arbitration council notified the parties that the arbitrators had refused the additional evidence. It also advised the parties that one of the arbitrators had died the week before. On January 23 and 25, 1980, the two remaining arbitrators acknowledged the award and it was forwarded to the parties. On February 1, Prestex made demand of the council that there be a new hearing before a new panel of arbitrators since the council's rules provide that should a vacancy in the arbitration panel occur the matter shall be reheard "unless the parties otherwise agree". The council responded by noting that the award was unanimously reached by all three arbitrators but that one of them had died subsequent to the determination. Accordingly, it refused to order a rehearing. The award, which granted Wannalancit the relief sought by it, noted with respect to the counterclaim advanced by Prestex: "we are without authority to make a determination concerning a separate contract between the U.S. Government and PRESTEX, INC. WANNALANCIT TEXTILE COMPANY was not a party to the contract between PRESTEX, INC. and the U.S. Government." It further noted that: "This Award is in full settlement of all claims and counterclaims submitted in this Arbitration". Wannalancit moved to confirm the award while Prestex cross-moved to set it aside. The motion to confirm was granted and the cross motion to vacate denied. On this appeal Prestex raises two questions. The first deals with the issuance of the award by the two surviving arbitrators. This argument gives us no problem. To begin with, the council's letter is indicative that all three arbitrators participated in the deliberations and reached a unanimous conclusion. Hence Prestex received all the consideration to which it was entitled. Moreover, although notified of the death of the third arbitrator, Prestex took no action until the award was handed down. Having elected to play a form of "Russian roulette" it cannot now be heard to complain that it was injured thereby. The second contention — that the arbitrators imperfectly executed their powers so that a final and definite award upon the subject matter was not made by them — is far more troublesome. In one portion of the award

they disclaim jurisdiction to pass upon the subject matter of the counterclaim. Yet, in another portion they assert that they have made a final disposition "of all claims and counterclaims submitted in this Arbitration". If this latter statement is intended as a determination that they have disposed of the counterclaim upon the merits, it is in conflict with their assertion of lack of authority. Because of this seeming conflict we refer the matter back to the arbitrators for clarification. A word of caution is necessary. Both of the parties contracted to have the matter heard by three arbitrators. Hence, the remaining two are not free to give us their *present* interpretation of the two apparently conflicting paragraphs. They may clarify this seeming conflict only to the extent that it was discussed by all three arbitrators and they may set forth only the conclusion or conclusions reached in those deliberations. Concur — Kupferman, J.P., Birns, Sullivan, Silverman and Bloom, JJ.